UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

Case No.: 1:26-cv-01883

8.83781706 Bitcoin (BTC) from Binance UID account ending 1437 belonging to an unknown user associated with email address Jason7888@126.com, and

2,441,105.3122 Tether (USDT) from Binance UID account ending 1437 belonging to an unknown user associated with email address Jason7888@126.com and from Binance UID account ending 5700 belonging to an unknown user associated with email address iloveudubai52@gmail.com,

Defendant Property.

Hon. Hala Y. Jarbou
Chief U.S. District Judge

________________________________________/

**GOVERNMENT'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT OF FORFEITURE BY DEFAULT**

The Court should enter judgment of forfeiture by default in favor of the United States against the Defendant Property. The government provided direct notice of the complaint to known prospective claimants. Notice was also published on the government's official forfeiture website, in accordance with Supplemental Rule G(4)(a) and (b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, for any unknown prospective claimants. No claims to the Defendant Property were filed, and the time to so file has expired. For

the following reasons, the Court should enter judgment of forfeiture by default and forfeit the Defendant Property to the United States.

**BACKGROUND**

As stated in detail in the Verified Complaint for Forfeiture in Rem, the Federal Bureau of Investigation received a fraud complaint during the Summer of 2025 from Victim 1, a resident of Dimondale, Michigan, regarding a $20 million loss in a "pig butchering" scheme. FBI opened an investigation. The scam originated with a text Victim 1 received from "Leola Valeria Kulczyk." The two continued to communicate via text and the subject matter eventually evolved into an investment opportunity regarding virtual currency. Kulczyk instructed Victim 1 on how to open an account with a virtual currency exchange company. Victim 1 believed the gains shown on the fraudulent site to be real and began to wire funds from his bank account to the virtual currency exchange to purchase Bitcoin. After seeing noteworthy returns, Victim 1 invested approximately $11 million dollars in July through mid-August, 2025.

After his initial investments, Victim 1 wanted to withdraw a portion of the Bitcoin to make a real estate purchase. Victim 1 was instructed to deposit an equal amount of funds in order to withdraw, at which point Victim 1 transferred an additional $9.15 million dollars. Victim 1 was then later told by "support personnel" at the cryptocurrency to make an additional deposit of $4 million to unfreeze the investment fund. This is when Victim 1 realized it was a scam and reported the information to the FBI.

FBI traced a portion of the funds into the two accounts listed herein that are subject to forfeiture, and subsequently seized the Defendant Property through court-authorized seizure warrants.

On June 17, 2026, the United States filed a Verified Complaint for Forfeiture in Rem against the Defendant Property. (R.1: Verified Compl., PageID.1-16.) The United States alleged that the Defendant Property was subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as it was property, real or personal, involved, in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (concealment money laundering) and in violation of 18 U.S.C. 1956(h) (money laundering conspiracy), or ay property traceable to such property; and pursuant to 18 U.S.C. § 981(a)(1)(C), as it was property real or personal, which constitutes or is derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343.

Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rules"), FBI provided direct notice of the forfeiture action to all potential claimants known to the government on June 26, 2026 via email. No claims were filed.

In addition to providing direct notice to the known potential claimants, and in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States published notice of forfeiture for 30 days on the internet at www.forfeiture.gov beginning on June 26, 2026. (Exhibit 1.) Any claims arising from the published notice

were due no later than 60 days from the date publication began, *i.e.*, August 25, 2026. *See* Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B).

No individuals or entities filed a verified claim to the Defendant Property. On September 3, 2026, the Clerk of the Court entered default as to the known potential claimants. (R.6: Entry of Default, PageID.34-35.) To the best of the Government's knowledge, information, and belief, each of the individuals that were sent a copy of the Verified Complaint for Forfeiture *in Rem* and Notice of Complaint for Forfeiture are not minors or incompetent persons.

## **DISCUSSION**

The Court should enter a Judgment of Forfeiture by Default and order the Defendant Property forfeited to the Government pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C). Any person that wishes to claim an interest in property subject to forfeiture must file a claim "not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint." 18 U.S.C. § 983(a)(4)(A). The Government provided proper notice of the impending forfeiture by sending direct notice by means reasonably calculated to reach the potential claimant – *i.e.,* by sending a copy of the Verified Complaint and a Notice via email to the unknown individuals. Formal service of process under Federal Rule of Civil Procedure 4 is not required. *See United States v. $22,050.00 United States Currency*, 595 F.3d 318, 320 n.1 (6th Cir. 2010) (potential claimants are not defendants; sending notice by certified mail sufficient under Fed. R. Civ. P. Supp. R. G(4)(b) and formal service of process is

not required). The Government also fulfilled its notice obligations by publishing notice of the impending forfeiture at www.forfeiture.gov for 30 consecutive days. *See* Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C).

Whereas here, the Government provided proper notice of the pending forfeiture complaint, and property named in the complaint has gone unclaimed, the Court should issue a judgment of forfeiture by default for the unclaimed property. *See e.g., United States v. Real Property 2621 Bradford Drive*, 2008 WL 630601, *4 (S.D. Ohio Mar. 7, 2008) (granting default judgment as to all known persons to whom government sent direct notice who did not file claims, and as to all other persons or entities who might have an interest in the property but did not file claims); *United States v. 23,323 in U.S. Currency*, 2010 WL 532441, *5 (D. Haw. Feb. 16, 2010) (where there are no valid claims, entry of default judgment prevents government from having to expend further time and effort on a case that has no opposing party).

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court issue a Judgment of Forfeiture by Default, forfeiting to the United States all right, title, and interest in the Defendant Property. A proposed order accompanies this motion.

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

Dated: September 3, 2026

/s/ Daniel T. McGraw
DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404